
FILED
FEB 21 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Dale Brent Adams,  )
 )
    Plaintiff,  )
 )
    v.  )  Civil Action No. 14-289
 )
Senator John McCain *et al.*,  )
 )
    Defendants.  )
 )

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)(iii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant).

The plaintiff, a resident of Harrison, Arkansas, has captioned this action "Verified Complaint for Declaratory and Injunctive Relief" ("Compl.") and has named certain members of the United States Senate and House of Representatives as defendants. Despite the caption, the plaintiff also seeks $50 billion in monetary damages. Compl. ¶ 215D. The plaintiff alleges, *inter alia*, that he has been the "victim" of governmental surveillance since 2006 under "Section 215 of the USA Patriot Act and Section 702 of the Foreign Intelligence Surveillance Act of 2008," *id.* ¶ 39, and the "Terrorist Warrantless Surveillance Program that was operational in 2006," *id.* ¶ 50; *see also id.* ¶ 19 (the plaintiff stating his "well-founded belief that he was a victim of the Terrorist Surveillance Program . . . and legitimate fear that the Authorization for the Use of Military Force . . . and the Military Detention Provision of the National Defense

Authorization Act . . . created by Congress have been abused since 2006, to limit and strip Adams of civil, fundamental and Constitutional rights to cause harm"). The plaintiff seeks to hold the defendants liable for having "created the [subject] statutes . . . and . . . evading proper oversight although they know that the intelligence community are [sic] abusing them to defeat enumerated and fundamental rights." *Id.* ¶ 48.

The plaintiff purports to sue under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), Compl. at 2, but such a suit is cognizable against a federal official in his or her personal capacity for unconstitutional conduct in which he or she was personally and directly involved, *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (In a *Bivens* lawsuit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). This action is predicated on the defendants' enactment of laws (as opposed to their execution of laws). The Speech or Debate Clause, U.S. CONST. art. I, § 6, cl. 1, confers on Members of Congress immunity for all actions "within the 'legislative sphere,' even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes." *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995) (quoting *Doe v. McMillan*, 412 U.S. 306, 312-13 (1973)). This grant of immunity encompasses such acts, as those at issue here, that are "generally done in a session of the House by one of its Members in relation to the business before it." *Id.* (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1881)). Thus, in

addition to failing to state a claim under *Bivens*, the defendants are also immune from this lawsuit. Hence, this case will be dismissed.[1]

Date: January 27, 2014

/s/ Reggie B. Walton
United States District Judge

---

[1] A separate order accompanies this Memorandum Opinion.